**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4000**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES RAY BULLARD,

Defendant - Appellant.

**No. 20-4001**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANNY BULLARD,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:13-cr-00330-NCT-1; 1:13-cr-00330-NCT-2)

Submitted:  August 28, 2020                    Decided:  September 17, 2020

Before KING and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, Winston-Salem, North Carolina; Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellants. JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following their guilty pleas to one count each of kidnapping, in violation of 18 U.S.C. §§ 2, 1201(a)(1) (count 4), brandishing firearms during and in relation to the crime of violence of kidnapping, in violation of 18 U.S.C. §§ 2, 924(c)(2)(A)(ii) (count 5), and possession of stolen firearms, in violation of 18 U.S.C. §§ 2, 922(j) (count 6), the district court sentenced James Ray Bullard and Danny Bullard to 175 months' imprisonment and 188 months' imprisonment, respectively, and five years each of supervised release. The district court later granted James' and Danny's 28 U.S.C. § 2255 motions, vacated their convictions on count 5, and ordered that they be resentenced. At resentencing in November 2019, the district court calculated James' sentencing range under the U.S. Sentencing Guidelines Manual (2018) at 168 to 210 months' imprisonment and Danny's sentencing range under the Guidelines at 188 to 235 months' imprisonment. The court sentenced James to 151 months' imprisonment on count 4, a concurrent term of 120 months' imprisonment on count 6, and to concurrent supervised release terms of 5 and 3 years. The court sentenced Danny to 168 months' imprisonment on count 4, a concurrent term of 120 months' imprisonment on count 6, and to concurrent supervised release terms of 5 and 3 years.

On appeal from the second amended criminal judgments imposing these terms, counsel have filed a joint brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the 151 and 168-month prison terms are substantively reasonable and whether the district court erred in imposing warrantless searches as a special condition of supervised

3

release. The Government declined to file a brief. James and Danny filed a pro se supplemental brief raising as an issue whether trial counsel rendered ineffective assistance in connection with resentencing. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In conducting this review, we first ensure that the district court did not commit any significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015) (quoting *Gall*, 552 U.S. at 51); *see United States v. Provance*, 944 F.3d 213, 217-19 (4th Cir. 2019).

If the sentence is procedurally sound, we then review it for substantive reasonableness. *Gall*, 552 U.S. at 51. Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). Any sentence that is within or below a properly calculated Guidelines range is presumptively substantively reasonable, and Appellants bear the burden of demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

4

After review of the record, we conclude that the district court properly calculated the advisory Guidelines ranges, gave the parties adequate opportunities to argue for an appropriate sentence, properly heard James' and Danny's allocutions, considered the § 3553(a) factors, and sufficiently explained the chosen sentences. Because James and Danny have failed to rebut the presumption of reasonableness that we afford to their below-Guidelines-range sentences, we conclude that the district court did not abuse its discretion in imposing the 151 and 168-month prison terms.

Counsel also question whether the district court erred in imposing, as a special condition of supervised release, that James and Danny submit themselves, their "residence, office, vehicle, or any property under [their] control to a warrantless search" to be conducted by the probation officer at "a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release." Because James and Danny did not object to this special condition at resentencing, we review only for plain error. *See United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 772 (9th Cir. 2006).

Although district courts are "afforded broad latitude to impose conditions on supervised release," special conditions of release must be "reasonably related" to the sentencing factors set forth in 18 U.S.C. § 3583(d)(1). *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted). Those factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant;" the need for adequate deterrence; the protection of the public from further crimes; and providing the defendant training or treatment. 18 U.S.C. § 3583(d)(1) (citing

5

*id.* § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)). The special conditions imposed also must be consistent with policy statements issued by the Sentencing Commission and must involve "no greater deprivation of liberty than is reasonably necessary" to achieve the goals of supervised release. *Douglas*, 850 F.3d at 663 (citing 18 U.S.C. § 3583(d)(2), (d)(3)). After review of the record, we conclude that the condition is reasonable, given James' and Danny's backgrounds and the need for the district court to protect the public. James and Danny thus fail to show plain error.

James and Danny question whether trial counsel rendered ineffective assistance in connection with resentencing. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, we may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the face of the record. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of this record. We therefore decline to address these claims.

Finally, in accordance with *Anders*, we have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the second amended criminal judgments. This court requires that counsel inform James and Danny, in writing, of the right to petition the Supreme Court of the United States for further review. If James or Danny request that a petition be filed, but counsel believes that such a petition would be

6

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on James or Danny.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*